IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SAMUEL L. MARSHALL, # 165871, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:18-CV-808-ECM |
| | ) | [WO] |
| PATRICE RICHIE, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

This matter is before the court on a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed on July 24, 2018, by Samuel L. Marshall ("Marshall"), a state inmate at Bullock Correctional Facility in Union Springs, Alabama.  Doc. No. 1.  Marshall is serving a life sentence for a 1996 conviction for cocaine distribution.  However, he does not challenge that conviction by his instant petition.  Instead, he seeks a writ of federal habeas corpus to compel the State of Alabama to grant him a speedy trial on drug possession charges pending against him in the District Court of Jefferson County, Alabama (DC-14-2766).  Doc. No. 1 at 4 & 8–9.

The Respondents have filed an answer in which they argue Marshall's habeas petition should be dismissed without prejudice because Marshall has failed to exhaust his state court remedies on his speedy trial claim.  Doc. No. 13 at 2–4.

## II. DISCUSSION

Although Marshall is an incarcerated state inmate, he is not attacking the conviction and sentence—i.e., the state court judgment—forming the basis of that incarceration. Instead, in asserting his speedy trial claim, he is challenging the constitutionality of his custody stemming from the drug possession charges pending against him in Jefferson County District Court Case. No DC-14-2766. For purposes of the habeas statutes, he is a pretrial detainee under those charges. Consequently, although he brings this habeas petition under § 2254, his habeas petition is properly asserted under § 2241. *See Hughes v. Attorney Gen. of Fla.,* 377 F.3d 1258, 1261–62 (11th Cir. 2004); *Medberry v. Crosby*, 351 F.3d 1049, 1060 (11th Cir. 2003).

In either case, whether under § 2254 or § 2241, a petition for writ of habeas corpus will not be considered by the federal court unless the petitioner has exhausted his available state remedies.[1]  *Dill v. Holt*, 371 F.3d 1301 (11th Cir. 2004); *see* 28 U.S.C. § 2254(b)(1)(A). State remedies are ordinarily not deemed exhausted so long as a petitioner may effectively present his claims to the state courts by any currently available and adequate procedure. *Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 489 (1973). Typically, to exhaust, a petitioner must fairly apprise the highest state court of the

---

[1] Although the statutory language of 28 U.S.C. § 2241 does not contain an exhaustion requirement, this Circuit has determined that the requirements of 28 U.S.C. § 2254, including exhaustion of state remedies, apply to a subset of petitioners to whom § 2241(c)(3) applies, i.e., those who are "in custody in violation of the Constitution or laws or treaties of the United States." *See Medberry v. Crosby*, 351 F.3d 1049, 1059 (11th Cir. 2003); *Dill v. Holt*, 371 F.3d 1301, 1303 (11th Cir. 2004); *see also Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 489-92 (1973); *Brown v. Estelle*, 530 F.2d 1280, 1284 (5th Cir. 1976).

federal rights that were allegedly violated. *See O'Sullivan v. Boerckel*, 526 U.S. 828, 845 (1999); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985).

A defendant's Sixth Amendment right to a speedy trial may be asserted in the Alabama trial courts by motion and, if the motion is denied, by a state petition for writ of habeas corpus, the denial of which may be appealed. *See Williams v. State*, 511 So. 2d 265, 267 (Ala. Crim. App. 1987) ("One whose constitutional right to a speedy trial is violated may be granted relief by habeas corpus where his motion for discharge is denied and no other remedy is available. *Blake v. State*, 448 So.2d 968 (Ala. Cr. App. 1984)."); *Aaron v. State*, 497 So. 2d 603, 605 (Ala. Crim. App. 1986) ("Pending trial, the remedy for illegal confinement by reason of the erroneous postponements of trial is habeas corpus where a motion for discharge has been denied and no other remedy is available."); *Ex parte Hamilton*, 970 So. 2d 285 (Ala. 2006) (certiorari review of Court of Criminal Appeals' denial of a petition for writ of habeas corpus asserting speedy trial violation); *Grace v. Alabama*, 2013 WL 6596951, at *1 (M.D. Ala. 2013) ("Grace contends that his right to a speedy trial has been violated by Alabama authorities. A criminal defendant in Alabama may file a motion for a speedy trial or a state petition for writ of habeas corpus in the state trial court to address alleged speedy trial violations. *See Williams v. State*, 511 So. 2d 265, 267 (Ala. Crim. App. 1987).").

Nothing in the record indicates that Marshall has raised his speedy trial claim at any stage in state court proceedings. Therefore, the Respondents are correct in saying that Marshall has failed to exhaust his state court remedies on his speedy trial claim. This court allowed Marshall to reply to the Respondents' answer and to show cause why his habeas

3

petition should not be dismissed because of his failure to exhaust state court remedies. Doc. No. 14. Marshall has filed a response in which he argues he is excused from meeting the exhaustion requirement on grounds of futility because "Alabama has no 'Speedy Trial Act." Doc. No. 15 at 2. Marshall's argument is unavailing, because, as is apparent in the procedures discussed above, Alabama has an available state corrective process by which Marshall may raise and then exhaust his speedy trial claim. Only an "absence of available state corrective process" or "circumstances . . . that render such process ineffective to protect [his] rights," 28 U.S.C. § 2254(b)(1)(B), can excuse a petitioner's failure to meet the exhaustion requirement.

Marshall has not demonstrated that his speedy trial claim is exhausted, and he asserts no valid grounds for waiving the exhaustion requirement in his case. This court does not deem it appropriate to rule on Marshall's claim without first requiring him to exhaust his available state court remedies. *See* 28 U.S.C. § 2254(1)(b)(2). Consequently, Marshall's petition for writ of habeas corpus should be dismissed without prejudice so he can pursue those remedies.

### III.  CONCLUSION

It is therefore the RECOMMENDATION of the Magistrate Judge that Marshall's petition for writ of habeas corpus (Doc. No. 1) should be DISMISSED WITHOUT PREJUDICE, because Marshall has failed to exhaust his state court remedies.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before December 14, 2018. A party must specifically identify the factual findings and legal

conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 30th day of November, 2018.

/s/ Wallace Capel, Jr.
CHIEF UNITED STATES MAGISTRATE JUDGE