IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SAMUEL L. MARSHALL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO. 2:18-cv-808-ECM |
| | ) | (WO) |
| PATRICE RICHIE, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**OPINION and ORDER**

On March 6, 2019, petitioner Samuel Marshall filed a motion for a certificate of appealability (doc. 24) seeking to appeal this Court's final judgment dismissing this action without prejudice for failing to exhaust his state remedies (docs 18 & 19). Marshall argues that the Court erroneously determined that he had failed to exhaust his state remedies because he filed his petition pursuant to 28 U.S.C. § 2241 and not 28 U.S.C. § 2254, and exhaustion is not required for a petition pursuant to 28 U.S.C. § 2241. (Doc. 24 at 2).

Because Marshall pursues his claim pursuant to 28 U.S.C. § 2241, he must obtain a Certificate of Appealability (COA). *See Johnson v. Warden, Ga. Diagnostic and Classification Prison*, 805 F.3d 1317, 1321 (11th Cir. 2015) ("In order to appeal from the dismissal of a § 2241 petition, a state prisoner must obtain a COA.").

> In order to obtain a COA, a petitioner must make 'a substantial showing of a denial of a constitutional right.' 28 U.S.C. § 2253(c)(2). If the

District Court denied a habeas petition on procedural grounds, the petitioner must show that jurists of reason would find debatable whether (1) the District Court was correct in its procedural ruling, and (2) the petition states a valid claim of the denial of a constitutional right.

*Borgwald v. Sec., Fla. Dep't of Corrs.*, 2018 WL 7108247, *2 (11th Cir. 2018) (No. 17-13168-H) quoting *Slack v. McDaniel*, 529 U.S. 473, 478-85 (2000).

The Court denied Marshall's petition on procedural grounds – he failed to exhaust his available state remedies. While Marshall is correct that 28 U.S.C. § 2241 does not contain an exhaustion requirement, the law requires Marshall to exhaust his state remedies. *See Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005) (all habeas corpus actions "require a petitioner to fully exhaust state remedies"); *Dill v. Holt*, 371 F.3d 1301, 1302 (11th Cir. 2004) ("Although the statutory language of § 2241 itself does not contain a requirement that a petitioner exhaust state remedies, we have held that the requirements of § 2254-including exhaustion of state remedies-apply to a subset of petitioners to whom § 2241(c)(3) applies: those who are "in custody pursuant to the judgment of a State court."); *Medberry v. Crosby*, 351 F.3d 1049, 1059 (11th Cir. 2003); *Thomas v. Crosby*, 371 F.3d 782, 812 (11th Cir. 2004) (Tjoflat, J. concurring) ("Among the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their state court remedies.")

Because the Court denied habeas relief on a procedural basis, Marshall must demonstrate that "jurists of reason would find it debatable whether the district court

was correct in its procedural ruling." *Slack*, 529 U.S. at 484. The petitioner has failed to make the requisite showing.

Accordingly, for the reasons as stated, the motion for a certificate of appealability (doc. 24) be and is hereby DENIED.

DONE this 29th day of April, 2019.

                                           /s/ Emily C. Marks
                                 EMILY C. MARKS
                                 CHIEF UNITED STATES DISTRICT JUDGE